11-60002.o1

UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF FLORIDA
Miami Division

Case Number: 11-60002-CIV-ALTONAGA-BROWN

PATRICIA LEONARD,

    Plaintiff,

vs.

COUNTRYWIDE HOME LOANS, INC.,

    Defendant.
_____/

## ORDER DENYING PLAINTIFF'S MOTION FOR REMAND AND DEFAULT

**This matter** is before this Court on Plaintiff's Motion for Remand and Default (D.E. 9) filed January 18, 2011. This Court has reviewed the Motion and the Response thereto and is otherwise fully advised.

On December 10, 2010 *pro se* Plaintiff filed suit in the Seventeenth Judicial Circuit of Florida seeking to quiet title to real property. On January 3, 2011 Defendant filed a notice of removal which is currently at issue.

### I. Defendant's Failure to File Notice with the State Court.

Plaintiff's first argument in support of remand is that Defendant failed to file a copy of its notice of removal with the Seventeenth Judicial Circuit; this is factually inaccurate. Exhibit B, attached to Defendant's Response (D.E. 14), is a certified copy of the Seventeenth Circuit's docket showing that on January 4, 2011 a notice of removal to federal court was properly filed.

### II. Removal to Federal Court Before the Issues are Ripe.

Plaintiff's second contention is that removal to this Court is premature because certain issues in the case are not yet ripe. The ripeness doctrine "seeks to avoid entangling courts in the hazards of premature adjudication." Digital Properties, Inc. v. City of Plantation, 121 F.3d 586, 589 (11th Cir.

1997). When analyzing ripeness, court must look to the claims of the parties and whether those claims state a specific enough injury, and are sufficiently well developed to permit an effective resolution. Cheffer v. Reno, 55 F.2d 1517 (11th Cir. 1995). As the Defendant correctly points out, in the case at bar the only claims that have currently been made are by the Plaintiff. In raising a ripeness argument Plaintiff is essentially arguing that her claims do not state specific injuries and are not sufficiently developed to permit an effective resolution.

### III. Lack of Jurisdiction.

Plaintiff correctly states that Defendant has removed this case to federal court based on diversity jurisdiction. Plaintiff then proceeds to argue that it is "unfair" to allow Defendant to litigate this case in federal court and that state court is a more appropriate forum because of its familiarity with governing Florida law.

For the purposes of diversity jurisdiction "a corporation shall be deemed to be a citizen of any State by which it has been incorporated . . ." 28 U.S.C. § 1332(c)(1). Defendant is a New York corporation and Plaintiff is a citizen of Florida, and the amount in controversy meets the jurisdictional requirement. See Hunt v. Washington State Apple Advertising Commission, 432 U.S. 333 (1977). This Court has proper jurisdiction under 28 U.S.C. § 1332, and Plaintiff's "unfairness" argument does not strip this Court of that jurisdiction.

### IV. Removal of Case After Entry of Default.

Plaintiff's final argument for remand is that removal of the case was improper because a default judgment has been entered in state court in favor of the Plaintiff. Plaintiff attached to her Motion to Remand a motion for default that had been prepared for the state court. The certified copy of the state court's docket shows that the notice of removal was properly and timely filed and up until the date of filing no default judgment had been filed. Any default judgment subsequently entered by that court would be void *ab inito*. See Maseda v. Honda Motor Co., Ltd., 861 F.2d 1248, 1254-55

(11th Cir. 1988).

### V. Motion for Default

Finally, Plaintiff requests that this Court enter a default judgment against Defendant. That request is denied in light of the Motion to Dismiss filed by Defendant on January 10, 2011.

Therefore, and the Court being otherwise fully advised, it is hereby **ORDERED AND ADJUDGED** that Plaintiff's Motion for Remand and Default is **DENIED**.

**DONE AND ORDERED** in Chambers at Miami, Florida, this <u>18th</u> day of April, 2011.

<u>s/ Stephen T. Brown</u><br>
STEPHEN T. BROWN<br>
CHIEF UNITED STATES MAGISTRATE JUDGE

cc:   Honorable Cecilia M. Altonaga
      Counsel of record