11-60002.rr

UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF FLORIDA
Miami Division

Case Number: 11-60002-CIV-ALTONAGA-BROWN

PATRICIA LEONARD,

    Plaintiff,

vs.

COUNTRYWIDE HOME LOANS, INC.,

    Defendant.
_____/

## REPORT AND RECOMMENDATION

This matter is before this Court on Defendant's Motion to Dismiss Pro Se Plaintiff's Complaint (D.E. 8). The Court has considered Defendant's Motion, Plaintiff's Response, and all other pertinent materials.

## FACTUAL BACKGROUND

Plaintiff, Patricia Leonard, moving *pro se*, filed this action in the Circuit Court of the Seventeenth Judicial Circuit of Florida against Defendants, Countrywide Home Loans, Inc. and John Doe. Plaintiff alleges that Defendants have flawed title over property located at 420 South West 113th Way, Building 9, Pembroke Pines, Florida 33025, that there has been a separation of the note and mortgage, fraudulent assignments, and confusion as to who the lender is. Plaintiff alleges that as a result, Defendants have an insufficient claim on the property, an invalid lean, and no legal or equitable right, claim, or interest in said property. Plaintiff seeks declaratory judgment forcing Defendants to transfer legal title to Plaintiff, and enjoining Defendants from claiming any "estate, right, title or interest" in the property.

Defendants filed a Notice of Removal pursuant to 28 U.S.C. § 1441 (D.E. 1) and this Court

1

found the action to be properly removed.

## DISCUSSION

### I. Standard on Motion to Dismiss, In General.

For the purposes of a motion to dismiss, the complaint must be construed in the light most favorable to the plaintiff and its allegations of material facts must be taken as true. Watts v. Florida Int'l Univ., 495 F.3d 1289, 1295–96 (11th Cir. 2007). In order to survive a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6), a plaintiff must provide "more than labels and conclusions," and the complaint must contain factual allegations which are "enough to raise a right to relief above the speculative level, . . . on the assumption that all the allegations in the complaint are true." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 545 (2007). In Watts the Court summarized the principles established in Twombly as follows:

> The standard is one of "plausible grounds to infer." The Court has instructed us that the rule "does not impose a probability requirement at the pleading stage," but instead "simply calls for enough fact to raise a reasonable expectation that discovery will reveal evidence of" the necessary element. It is sufficient if the complaint succeeds in "identifying facts that are suggestive enough to render [the element] plausible.

Watts at 1295-1296. As such, a complaint is facially plausible when the plaintiff has pleaded sufficient "*factual* content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009) (emphasis added). A court is not "bound to accept as true a legal conclusion couched as a factual allegation." Papasan v. Allain, 478 U.S. 265, 286 (1986).

### II. Standard on Motion to Dismiss, Pro Se Plaintiff.

Although a plaintiff is proceeding pro se, the plaintiff is still "subject to the relevant law and rules of court, including the Federal Rules of Civil Procedure." Moon v. Newsome, 863 F.2d 835, 837 (11th Cir. 1989). In addition, although a pro se plaintiff's complaint should be liberally construed

when resolving a motion to dismiss, this Court has no obligation to rewrite the complaint for the plaintiff in order for it to meet the pleading requirements set forth in the Federal Rules of Civil Procedure. Snow v. DirecTV, Inc., 450 F.3d 1314 (11th Cir. 2006).

### III. Dismissal Pursuant to Fed. R. Civ. P. 12(b)(6).

Defendants seek to dismiss Plaintiff's entire complaint because Plaintiff's allegations that there has been a separation of the note from the mortgage, and that there have been fraudulent assignments, are legal conclusions unsupported in the complaint by any facts. Paragraph 6 of Plaintiff's complaint states that Plaintiff "has conducted title investigation," believes that there is flawed title, and that as a result of this investigation Plaintiff concludes that Defendants have no "legal or equitable right, claim, or interest" in the property. (Compl. ¶ 6). Although Plaintiff alleges that she herself has carried out a title investigation and security audits, she does not present to the court any evidence of her professional qualifications to carry out such investigations. Plaintiff also provided no facts with which to back up her claims against Defendants.

The Supreme Court in Ashcroft set forth a framework for analyzing the sufficiency of a complaint under Rule 8(a)(2). The Court stated that when examining a complaint a court should identify allegations that, because they are no more than conclusions, are not entitled to a presumption of truth. 129 S. Ct. at 1949. Where Plaintiff has simply made conclusory statements the complaint does not meet the pleading standards of Fed. R. Civ. P. 8(a)(2).

Furthermore, Plaintiff's fraudulent assignment claim does not meet the heightened pleading standard of Fed. R. Civ. P. 9(b). Rule 9(b) provides that "[i]n alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake. Malice, intent, knowledge, and other conditions of a person's mind may be alleged generally." Plaintiff's complaint merely

alleges that there was fraudulent assignment, and there is no statement of the circumstances constituting the alleged fraud or mistake. The Eleventh Circuit has previously held that dismissal under Fed. R. Civ. P. 12(b)(6) is warranted when a plaintiff has, as is the case here, failed to meet the heightened pleading standards of Rule 9(b). Clausen v. Laboratory Corp., 290 F.3d 1301, 1315 (11th Cir. 2002).

## RECOMMENDATION

For the foregoing reasons, the Court respectfully recommends that Defendant's Motion to Dismiss be **GRANTED** and that Plaintiff's Complaint be dismissed without prejudice and with leave to amend.

The parties have fourteen (14) days from the date of this Report and Recommendation within which to serve and file written objections, if any, with the Honorable Cecilia M. Altonaga, United States District Judge for the Southern District of Florida. Failure to file objections in a timely manner shall bar the parties from attacking on appeal the factual findings contained herein. LoConte v. Dugger, 847 F.2d 745 (11th Cir. 1988) cert. denied, 488 U.S. 958 (1988).

**DONE AND ORDERED** in Chambers at Miami, Florida, this 18th day of April, 2011.

                              s/Stephen T. Brown
                              STEPHEN T. BROWN
                              CHIEF UNITED STATES MAGISTRATE JUDGE

cc: Honorable Cecilia M. Altonaga
      Counsel of record